FILED
MARY L. SWAN
BUTLER COUNTY
CLERK OF COURTS
05/13/2026 04:13 PM
CV 2026 05 1208

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

Mathew Steinmetz Jr. " pro se"
224 Warwick ave.
   Plaintiff

    V.

John Gemrich dba
PrideStaff ( Cincinnati Northwest)
8738 Union Centre Boulevard
Westchester, Ohio
45069

SanMar Corporation ( Cincinnati Warehouse)
8901 Global Way
Westchester, Ohio
45069
Defendants

Case No:

Judge:

## COMPLAINT FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## COMPLAINT AND JURY DEMAND

I.   PARTIES, JURISDICTION,
    AND VENUE

1. Plaintiff is a resident of Butler County Ohio.

2. Defendant SanMar Corp. is a corporation doing business in Butler County Ohio

3. Defendant John Gemrich doing business as PrideStaff is an employment agency doing business in Butler County, Ohio.

4. At all times relevant, SanMar and John Gemrich doing business as Pride Staff acted as joint employers of Plaintiff.

5. This court has jurisdiction and venue is proper in Butler County, Ohio as the events occurred here

## II. FACTUAL ALLEGATIONS

6. On or about January 7, 2026, plaintiff was working as a full-time temporary employee at SanMar in West Chester, Ohio, placed there through John Gemrich doing business as the PrideStaff staffing agency.

7. On that date, a full-time SanMar employee ("aggressor") physically confronted plaintiff, flinching at him with raised clenched fists and threatening physical violence over a misplaced pallet jack.

7a. Plaintiff has an extensive documented PTSD medical condition and the nature of the physical threat by the aggressor aggravated the plaintiff's medical condition.

8. The aggressor followed plaintiff as he attempted to report the threat, stating, " your nothing but a fucking temp... they will fire you not me".

9. As plaintiff was reporting the physical threat to the supervisor the aggressor began talking over plaintiff to the supervisor causing the supervisor to place plaintiff and the aggressor into separate rooms and contacted HR to come and interview plaintiff and the aggressor.

10. HR interviewed the plaintiff about the physical threat the aggressor made to the plaintiff and instructed the plaintiff to write a statement. Plaintiff informed HR that there was a female witness that saw the physical threat and HR asked plaintiff the name of the witness and plaintiff didn't know the name of the witness so HR asked plaintiff what the witness looked like and what post she worked and that witness was located and interviewed by HR and asked to write a statement.

11. After plaintiff talked to HR and wrote a statement plaintiff was placed on the aggressors job post and plaintiff didn't see the aggressor the remainder of the shift.

12. At the end of the plaintiff's shift the supervisor approached the plaintiff and offered the plaintiff a safety escort out to his car. Plaintiff politely declined stating that his fiance is picking him up directly outside the entrance door.

13. The plaintiff worked the rest of his scheduled work week on the aggressors work post with no issues and didn't see the aggressor.

14 On January 7, 2026 before the aggressor threatened the plaintiff the plaintiff was approached by his supervisor and commended the plaintiff on his fast learning and his outstanding work ethic and instructed the plaintiff to sign promotion paperwork to be placed at a door position.

15. On Saturday January 10, 2026 the plaintiff received a text message from his assigned PrideStaff recruiter stating that the plaintiff's assignment at SanMar has ended, not to report back to work there and to drop his SanMar ID badge off at the PrideStaff office. Plaintiff texted the recruiter asking for an explanation regarding the plaintiffs assignment being abruptly ended and didn't get a response.

16. On Sunday January 11, 2026 the owner of PrideStaff John Gemrich called the plaintiff and told the plaintiff that SanMar did not give a reason as to why they ended the plaintiffs assignment and that he was not informed about the workplace threat that the plaintiff made to SanMar HR and that it's his job to get the Plaintiff back to work and offered the plaintiff a job at Billstein and stated that the job don't pay $17.00 hr like SanMar that it pays $15.50 hr and the plaintiff accept the assignment to stay employed and John Gemrich instructed the plaintiff to attend orientation at Bilstein on Monday January 12, 2026 at 1:30 pm.

17. On Monday January 12, 2026 at 1:30 pm the plaintiff attended orientation at Bilstein and received a clock-in number but didn't have a start date.

18. Plaintiff text his assigned recruiter and asked why he didn't have a start date and the recruiter text the plaintiff back and told the plaintiff that Jeff will be reaching out to him. The plaintiff text back and asked if he was definitely being placed to work and the recruiter text back yes sir.

19. The same day Monday January 12,2026 the plaintiff received a phone call from the PrideStaff owner John Gemrich And John Gemrich told the plaintiff that he is rescinding the Bilstein job, citing a 2019 felony 5 possession of heroin conviction that PrideStaff had already reviewed and cleared for the SanMar placement.

III. COUNT I: WRONGFUL TERMINATION IN VIOLATION IN VIOLATION OF PUBLIC POLICY (GREELEY CLAIM)

20. Plaintiff incorporates all previous paragraphs by reference.

21. Clarity Element: Ohio has a clear public policy favoring workplace safety and the reporting of criminal threats and violence, as manifested in Ohio Revised Code (R.C.) 4101.11 and common law. O.R.C. 4113.52, O.R.C. 4101.11, Kulch v. Structural Fibers, Inc., 78 Ohio St. 3d (1997)

22. Jeopardy Element: Terminating employees for reporting workplace violence or threats of physical harm jeopardizes this public policy by discouraging reports and allowing dangerous environments to persist. Painter v. Graley, 70 Ohio St. 3d 377 (1994)

23. The Causation Element: Plaintiff was terminated from SanMar only 2 days after reporting a physical threat, and his subsequent job placement at Bilstein was rescinded by PrideStaff using

4284

a pretexual reason ( a prior criminal conviction that PrideStaff had previously cleared demonstrating retaliatory intent.

24 Overriding Justification Element:Defendants lacked an overriding legitimate business justification for ending plaintiff's employment.

25. As a direct result of Defendants' actions, Plaintiff has suffered lost wages, emotional distress, and other damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against Defendants' for compensatory damages in an amount excess of twenty - five thousand dollars ($25, 000.00), together with interest, and costs; and any other relief the court deems just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted


Mathew Steinmetz Jr.
Plaintiff 'pro se'