**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **MATTHEW STEINMETZ, JR** | ) | |
| | ) | **Civil Action No. 1:26-cv-00594-SJD** |
| **Plaintiff,** | ) | |
| | ) | **Judge Susan J. Dlott** |
| **v.** | ) | |
| | ) | |
| **JOHN GEMRICH DBA PRIDESTAFF** | ) | **DEFENDANT SANMAR** |
| **(CINCINNATI NORTHWEST),** *et al.,* | ) | **CORPORATION'S ANSWER TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| **Defendants.** | ) | |

For its Answer to the Complaint of Plaintiff Matthew Steinmetz, Jr. (Doc. 2), Defendant SanMar Corporation ("SanMar"), by and through counsel, denies all allegations not expressly admitted herein. Further responding, SanMar provides the following responses to the corresponding numbered paragraphs in the Complaint:

## PARTIES, JURISDICTION, AND VENUE

1.      Deny for lack of knowledge.

2.      Admitted that SanMar is a foreign corporation that does business in Butler County, Ohio. Otherwise, deny.

3.      Deny for lack of knowledge.

4.      Deny as to SanMar. Otherwise, deny for lack of knowledge.

5.      Paragraph 5 of the Complaint states only legal conclusions which require no response. If a response is required, SanMar denies the allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6.      SanMar admits that, on or about January 7, 2026, Plaintiff served as a temporary worker at its West Chester, Ohio distribution facility and that he was staffed through PrideStaff. Otherwise, deny.

7.      Deny for lack of knowledge.

7a.     Deny for lack of knowledge.

8.      Deny for lack of knowledge.

9.      Admitted that, on or about the evening of January 8, 2026, Plaintiff and a SanMar employee were placed in separate rooms following a verbal altercation between them and that both individuals were interviewed. Otherwise, deny for lack of knowledge.

10.     Admitted that Plaintiff was interviewed and asked to write a statement, and that SanMar management also interviewed and took a statement from another employee about the altercation. Otherwise, deny.

11.     Admitted that Plaintiff continued with the rest of his shift after the subject altercation whereas the SanMar employee was sent home. Otherwise, deny for lack of knowledge.

12.     Admitted that Plaintiff was asked by the SanMar shift supervisor if he would like to be walked out to his car at the end of his shift and that Plaintiff declined that offer. Otherwise, deny.

13.     Denied that Plaintiff worked any other shifts at SanMar's facility after the evening on which the subject altercation occurred. Otherwise, deny for lack of knowledge.

14.     Deny.

15.     Admitted that SanMar requested that PrideStaff end Plaintiff's temporary assignment at SanMar on or about January 10, 2026. Otherwise, deny for lack of knowledge.

16.     Deny for lack of knowledge.

17.     Deny for lack of knowledge.

18.     Deny for lack of knowledge.

19.     Deny for lack of knowledge.

## <u>COUNT I: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY</u>
## <u>(GREELEY CLAIM)</u>

20. SanMar restates its responses to the preceding Paragraphs as if fully rewritten herein.

21. Paragraph 21 of the Complaint states only legal conclusions which require no response. If one is required, SanMar states that the statutory provisions and case law cited speak for themselves and otherwise denies the allegations in Paragraph 21.

22. Paragraph 22 of the Complaint states only legal conclusions which require no response. If one is required, SanMar states that the case law cited speaks for itself and otherwise denies the allegations in Paragraph 22.

23. Admitted that SanMar requested the termination of Plaintiff's temporary assignment at SanMar approximately two days after he and a SanMar employee, who was also terminated as a result, got into a verbal altercation. Deny for lack of knowledge all allegations in Paragraph 23 specific to PrideStaff. Otherwise, deny.

24. Denied as to SanMar. Otherwise, deny for lack of knowledge.

25. Denied as to SanMar. Otherwise, deny for lack of knowledge.

### <u>PRAYER FOR RELIEF</u>

26. SanMar denies the allegations in the PRAYER FOR RELIEF and WHEREFORE paragraphs of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief sought.

### <u>GENERAL DENIAL</u>

27. SanMar denies each and every allegation contained in the Complaint unless specifically admitted herein, including any factual allegations contained in the headings and subheadings of the Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate damages, if any.

## THIRD DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because SanMar was not Plaintiff's employer.

## FIFTH DEFENSE

To the extent SanMar is deemed Plaintiff's employer, Plaintiff's claims are barred, in whole or in part, because there was an overriding legitimate business justification for SanMar's decisions.

## SIXTH DEFENSE

To the extent SanMar is deemed Plaintiff's employer, Plaintiff's claims are barred, in whole or in part, because SanMar applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory reasons for any employment actions that were unrelated to Plaintiff's alleged protected activity or other alleged protected conduct.

## SEVENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because SanMar treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

4

## EIGHTH DEFENSE

Pleading in the alternative, and to the extent that both SanMar is deemed Plaintiff's employer and Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, SanMar would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

## TENTH DEFENSE

To the extent Plaintiff seeks punitive damages is barred to the extent that the amount sought may violate substantive and procedural safeguards guaranteed to SanMar by the United States and Ohio constitutions.  Plaintiff's claim for punitive damages is further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate federal and state interests.  Regardless, SanMar has made good faith efforts to comply with the law, thereby precluding recovery of such damages.

## ELEVENTH DEFENSE

To the extent Plaintiff suffered any damages or losses for which Plaintiff seeks to hold SanMar responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct, or omissions of third parties.

## TWELFTH DEFENSE

To the extent SanMar is deemed Plaintiff's employer, SanMar made reasonable and good faith efforts to comply with state and federal discrimination and retaliation laws.  Although no

unlawful discrimination or retaliation occurred, any alleged unlawful actions were contrary to SanMar's good faith efforts to comply with state and federal laws.

### THIRTEENTH DEFENSE

Plaintiff's claims for damages must be barred or limited to the extent after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in termination of employment.

### FOURTEENTH DEFENSE

To the extent SanMar is deemed Plaintiff's employer, Plaintiff's claim is barred to the extent he failed to notify his supervisor or other reasonable officer of SanMar of the alleged violation or failed to subsequently file with that supervisor or officer a written report that provides sufficient detail to identify and describe the alleged violation, or to otherwise strictly comply with the requirements of the applicable whistleblower or anti-retaliation statute.

### FIFTEENTH DEFENSE

Plaintiff's wrongful discharge in violation of public policy claim must fail because neither SanMar nor any of its agents engaged in conduct jeopardizing Ohio public policy.

### SIXTEENTH DEFENSE

Plaintiff's public policy claim must fail because adequate statutory remedies exist to protect Plaintiff's and society's interests.

### SEVENTEENTH DEFENSE

Plaintiff's claims are frivolous under Ohio law and without foundation in fact or law and therefore SanMar is entitled to recover all costs incurred in defending this action, including reasonable attorney fees.

SanMar reserves the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

Wherefore, having fully answered, Defendant SanMar Corporation respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, award SanMar its costs and fees and award SanMar such other relief the Court deems just and proper.

Respectfully submitted,

/s/ Anthony P. McNamara
Anthony McNamara (0093670)
JACKSON LEWIS P.C.
201 East Fifth Street, 26th Floor
Cincinnati, Ohio 45202
Telephone:    (513) 898-0050
Facsimile:    (513) 898-0051
Anthony.McNamara@JacksonLewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of June, 2026, a true and accurate copy of the foregoing Answer was filed via the Court's electronic filing system, which will serve a copy on all counsel of record and self-represented parties who have registered with that system. The undersigned further certifies that a copy of the foregoing Answer was delivered via email and regular U.S. mail to *Pro se* Plaintiff Mathew Steinmetz at the following address:

Mathew Steinmetz Jr.
224 Warwick Avenue
Hamilton, Ohio 45013
Mathewsteinmetz9@gmail.com

*Pro Se Plaintiff*

/s/ Anthony P. McNamara
Anthony P. McNamara

7