UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION OF OHIO ( CINCINNATI)

Mathew Steinmetz Jr. pro se
  Plaintiff

  V.

PrideStaff Inc ( initially named as John Gemrich d/b/a PrideStaff),
And SanMar Corporation
  Defendants

Case No. To Be Assigned (Newly Removed from Butler County)
Judge: Unassigned

PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR STATUTORY PENALTIES AND
COSTS UNDER 28 U.S.C. 1447(c)

Now comes Plaintiff, Mathew Steinmetz Jr., proceeding pro se, respectfully moves this
Honorable Court to remand this action back to the Butler County Court of Common Pleas.

Defendants SanMar Corporation and PrideStaff Inc. improperly and jointly removed this case
under 28 U.S.C. 1441 by claiming complete diversity of citizenship. However, complete diversity
does not exist under 28 U.S.C. 1332, and this Court entirely lacks subject-matter jurisdiction.
Furthermore, Plaintiff explicitly requests that this Court financially penalize both Defendants,
jointly and severally, for executing an objectively unreasonable removal in bad faith to
manipulate the docket, stall the state court proceedings, and delay justice.

I. MEMORANDUM IN SUPPORT

Factual and Procedural Background

1. Plaintiff filed this employment action in the Butler County Court of Common Pleas. The
primary local employer is the independent establishment located at 8738 Union Centre
Boulevard, West Chester, Ohio 45069, owned and operated by John Gemrich. Plaintiff
was employed directly at this Physical Ohio establishment.

2. Defendants' Notice of Removal notes a technical corporate misnomer in the initial
complaint, stating that the correct legal entity name for this local West Chester operation
is PrideStaff Inc. Plaintiff accepts this correction. PrideStaff Inc. is a privately owned

franchise business entity actively incorporated under the laws of the state of Ohio. John Gemrich owns this specific location and serves as its registered statutory agent in Ohio, operating behind the PrideStaff brand banner.

3.On June 15, 2026, Defendants filed a joint Notice of Removal to this Court, asserting federal diversity jurisdiction based on an amount in controversy exceeding $75,000.00 and claiming complete diversity of citizenship. Because Plaintiff is a resident of Ohio and Defendant PrideStaff Inc. is an Ohio corporation, this removal is legally improper and procedurally defective.

II.Legal Argument

Defendants Cannot Coerce Federal Jurisdiction via Joint Consent, and Removal is Strictly Barred by the Forum Defendant Rule

4.In their joint Notice of Removal, Defendants engage in blatant corporate gamesmanship. Defendants attempt to confuse this Court by trying to link PrideStaff Inc. in West Chester, Ohio, to the separate out-of-state PrideStaff Corporate headquarters in California. This is a deliberate misrepresentation of the legal facts designed to manufacture federal jurisdiction where none exists.

5.Under 28 U.S.C. 1332 (c) (1), a corporation is a legal citizen of the state where it is incorporated and the state where it has its principal place of business.

6.The Defendant in this case, PrideStaff Inc., is a separate, private Ohio incorporation. It is an independent, locally owned franchise establishment rooted entirely in Butler County, Ohio. Because PrideStaff Inc. is an Ohio corporation and the Plaintiff is an Ohio citizen, complete diversity is 100% destroyed under 28 U.S.C. 1332

7.Defendants argue that because they "jointly" consent to and request this removal, is should be sustained. This argument fails as a matter of law. It is a foundational principle of federal jurisprudence that litigants cannot consent to subject-matter jurisdiction where it does not exist.

8.Furthermore, under federal "Forum Defendant Rule" ( 28 U.S.C. 1441 (b)(2), a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the properly joined Defendants is a citizen of the state in which such action is being brought. By signing onto the removal, PrideStaff Inc. has formally verified its active participation as an Ohio citizen, which explicitly bars this removal under 28 U.S.C. 1441 (b)(2).

9.Defendants' Arguments Regarding the Amount in Controversy Do Not Cure the Lack of Diversity

10. Defendants spend considerable effort in their removal paperwork arguing that Plaintiff's claims for non-economic damages, including emotional distress and other damages exceed $75,000.

11. Plaintiff does not contest the severity of the non-economic damages caused by the Defendants. However, for a federal court to exercise diversity jurisdiction under 28 U.S.C. 1332, the law strictly requires both an amount in controversy over $75,000 and complete diversity of citizenship. High damages alone cannot manufacture jurisdiction.

12. Federal Courts are of limited jurisdiction. A notice of removal cannot rely on a two-prong test where only one prong is satisfied. Even if the amount in controversy exceeds the statutory threshold.

13. Defendants' Improper Removal Constitutes Willful Judicial Manipulation and Bad-Faith Gamesmanship Warranting Statutory Penalties, Fees, and Costs

14. An order remanding a improperly removed case may require payment of just cost and any actual expenses, as a result of removal 28 U.S.C. 1447(c). The U.S. Supreme Court affirms that fees and costs are entirely warranted when the removing party lacks an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)

15. In this matter, Defendants' actions cross the line from a mistaken jurisdictional assumption into intentional, bad-faith gamesmanship. Defendants are sophisticated corporate entities fully aware of their own corporate structures, franchise agreements, and local operational footprints. They knew with absolute certainty prior to filing that the West Chester, Ohio PrideStaff branch is a independently owned franchise deeply rooted in Ohio, directed by an Ohio citizen, and that complete diversity was legally impossible to claim.

16. Despite the absolute knowledge, Defendants deliberately chose to file their Notice of Removal. This was a calculated, bad-faith maneuver designed to manipulate the federal judicial system to accomplish two illicit goals: To buy themselves time by stalling the valid state court proceedings in the Butler County Court of Common Pleas, and to abuse the procedural system to force a unrepresented, pro se litigant into a unnecessary federal forum.

17. This court must not allow its docket to be weaponized as a stalling tactic or a tool for corporate bullying. Because Defendants possessed no objectively reasonable basis to claim complete diversity, and instead act with an improper purpose to delay and play games with the courts docket, Plaintiff respectfully requests that this court exercise its authority under 28 U.S.C. 1447(c) to impose severe monetary statutory penalties, costs,

*Page 4 of 4*

and expenses against SanMar Corporation and PrideStaff Inc. to penalize this behavior and deter future judicial manipulation.

Statement of Non-Waiver of Severe Non-Economic Damages

18. Plaintiff provides this statement to explicitly prevent Defendants from mischaracterizing this Motion to Remand as an attempt to minimize the severity of the litigation. Plaintiff has suffered severe, catastrophic non-economic damages due to the direct unlawful conduct of the Defendants.

19. Defendants' attempt to strip Plaintiff of a local state court forum is a transparent and tactical defense maneuver. By pulling an unrepresented pro se litigant out of the Butler County Court of Common Pleas and into a complex federal arena, Defendants are actively attempting to evade liability, inflate the cost of litigation, and escape paying Plaintiff the substantial compensation Plaintiff legally deserves. This procedural stalling tactic should be recognized as a deliberate effort to shield the corporate Defendants from the financial consequences of the significant harm they have inflicted.

III. Conclusion

20. For the foregoing reasons, Plaintiff respectfully requests that this court REMAND this case to the Butler County Court of Common Pleas and enter an order requiring Defendants to face statutory penalties and pay all costs and fees associated with this improper removal.

Date: June 16, 2026

Respectfully Submitted,

Mathew Steinmetz Jr. pro se
    Plaintiff

Address: 224 Warwick ave. Hamilton, Ohio 45013
Phone: (283) 219-5808
Email: mathewsteinmetz9@gmail.com

CERTIFICATE OF SERVICE

I Mathew Steinmetz Jr. pro se do hereby certify that the original and a copy of the foregoing Motion to Remand was sent via U.S. First Class Mail to the U.S. Clerk of Courts @ 100 E. 5th St. room 103 Cincinnati, Ohio 45202 and a copy was sent to attorney Anthony P. McNamara @ 201 E. 5th St. 26th Floor Cincinnati Ohio 45202 and  to Attorney Roland J De Monte @ Key Tower 127 Public Square Suite 5130 Cleveland Ohio 44114 on June 16, 2026

Respectfully

Mathew Steinmetz Jr.
224 Warwick ave Hamilton, Ohio 45013
(283) 219-5808
Mathewsteinmetz9 @gmail.com

Matthew Steinmetz JR.,
224 Warwick Avenue
Ham. OH. 45013

U.S. Clerk of courts
100 E. 5th St. Room 103
Cincinnati; OH
45202