**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **MATHEW STEINMETZ, JR.,** | ) | |
| | ) | **Civil Action No. 1:26-cv-00594-SJD-KLL** |
| **Plaintiff,** | ) | |
| | ) | **Judge Susan J. Dlott** |
| **v.** | ) | |
| | ) | |
| **SANMAR CORPORATION,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**ANSWER OF DEFENDANT PRIDESTAFF, INC.**

PrideStaff, Inc. (incorrectly named in the Complaint as "John Gemrich dba Pridestaff (Cincinnati Northwest) (hereinafter "Pridestaff")) responds to Plaintiff Matthew Steinmetz, Jr. ("Plaintiff)'s Complaint in like-numbered Paragraphs as follows:

1. Pridestaff denies the allegations contained in Paragraph 1 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

2. In response to the allegations contained in Paragraph 2 of the Complaint Pridestaff admits only that SanMar Corporation ("SanMar") does business in Butler County, Ohio. Further answering, Pridestaff denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. In response to the allegations contained in Paragraph 3 of the Complaint Pridestaff admits only that it is a corporation organized under the laws of the State of California and maintains its principal place of business in Fresno, California, and that it does business in Butler County, Ohio. Further answering, Pridestaff denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.  Pridestaff denies the allegations contained in Paragraph 4 of the Complaint.

5.  The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pridestaff admits the U.S. District Court for the Southern District of Ohio has jurisdiction over this matter and that venue is proper. Further answering, Pridestaff denies the remaining allegations contained in Paragraph 5 of the Complaint.

### FACTUAL ALLEGATIONS

6.  In response to the allegations contained in Paragraph 6 of the Complaint Pridestaff admits only that Plaintiff was working on a temporary basis at SanMar on January 7, 2026 after being placed there by Pridestaff. Further answering, Pridestaff denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.  Pridestaff denies the allegations contained in Paragraphs 7 and 7.a. of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

8.  Pridestaff denies the allegations contained in Paragraph 8 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

9.  Pridestaff denies the allegations contained in Paragraph 9 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

10.  Pridestaff denies the allegations contained in Paragraph 10 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

11.  Pridestaff denies the allegations contained in Paragraph 11 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

12.  Pridestaff denies the allegations contained in Paragraph 12 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

13.  Pridestaff denies the allegations contained in Paragraph 13 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

14.  Pridestaff denies the allegations contained in Paragraph 14 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

15.  In response to the allegations contained in Paragraph 15 of the Complaint Pridestaff admits only that it sent Plaintiff a message on January 10, 2026 informing him that his assignment at SanMar ended, to not report back to SanMar and to drop off his badge to the local Pridestaff office, and that Plaintiff responded back with his own message(s), the contents of which speak for themselves. Further answering, Pridestaff denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.  In response to the allegations contained in Paragraph 16 of the Complaint, Pridestaff admits only that John Gemrich called Plaintiff on or about January 11, 2026 and informed him that he was unaware of why his assignment at SanMar ended and that there was a placement at a company named Bilstein that was potentially available to Plaintiff.  Further answering, Pridestaff denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.  Pridestaff denies the allegations contained in Paragraph 17 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of the matters asserted therein.

18.  In response to the allegations contained in Paragraph 18 of the Complaint Pridestaff admits only that Plaintiff messaged back and forth with Pridestaff on January 12, 2026, the contents of which speak for themselves. Further answering, Pridestaff denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. In response to the allegations contained in Paragraph 19 of the Complaint Pridestaff admits only that it informed Plaintiff that he was ineligible for the potential assignment with Bilstein.  Further answering, Pridestaff denies the remaining allegations contained in Paragraph 19 of the Complaint.

## COUNT ONE – ALLEGED WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (GREELEY CLAIM)

20. Defendant restates and reavers its responses to Paragraphs 1-19, in response to Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pridestaff denies the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pridestaff denies the allegations contained in Paragraph 22 of the Complaint.

23. Pridestaff denies the allegations contained in Paragraph 23 of the Complaint.

24. Pridestaff denies the allegations contained in Paragraph 24 of the Complaint.

25. Pridestaff denies the allegations contained in Paragraph 25 of the Complaint.

26. Pridestaff denies each and every allegation in the Complaint not expressly admitted herein.

27. Defendant denies the allegations contained in the WHEREFORE Paragraph of Plaintiff's Complaint and all of its subparts.

### ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

4

2.    Plaintiff's claims are barred because they are without merit as a matter of both fact and law.

3.    Plaintiff's claims are barred by the applicable statute of limitations.

4.    Any actions taken by Pridestaff with respect to Plaintiff were for lawful and/or legitimate reasons, and therefore Pridestaff is relieved from any liability or obligation to Plaintiff arising from such actions.

5.    Plaintiff cannot establish a causal connection between any protected activity or status and any adverse employment action allegedly taken by Pridestaff. Any actions taken were based on legitimate performance, conduct, or business considerations.

6.    Plaintiff's claims are barred by the doctrines of laches, estoppel, consent, waiver, and/or unclean hands.

7.    Some or all of Plaintiff's claims are barred due to his failure to follow necessary statutory, regulatory and/or administrative perquisites prior to filing his claims.

8.    Plaintiff's claims for relief are barred and/or limited to the extent he has failed to act reasonably to mitigate the damages he allegedly sustained.

9.    Any damages recovered by Plaintiff must be offset by any compensation that he has received or could have received with reasonable diligence from the period for which he is seeking damages.

10.    Plaintiff's alleged damages are subject to offset or reduction by facts showing his own misconduct prior to Plaintiff's end of employment, pursuant to the after-acquired evidence doctrine.

11.    Pridestaff denies that Plaintiff was subjected to any discriminatory or retaliatory employment practice or adverse action, but states that if any such practice or action is found, the

same employment decisions regarding Plaintiff would have been made in the absence of any discriminatory and/or retaliatory motive.

12. Any and all actions Pridestaff took toward Plaintiff were done with a good faith belief that such actions were in compliance with all applicable state, local and federal law.

13. Plaintiff has failed to state a legally sufficient basis for the award of punitive damages.

14. To the extent Plaintiff would be entitled to punitive damages, such damages are barred to the extent that the amount sought violates substantive and procedural safeguards to Pridestaff by the United States and Ohio constitutions.

15. To the extent Plaintiff would be entitled to punitive, liquidated and/or exemplary damages, and/or attorney's fees relating to his claims, Plaintiff's claims for such damages and/or fees are barred and/or limited by Pridestaff's good faith efforts to comply with applicable federal and state employment laws and regulations.

16. Plaintiff's claimed damages, to the extent he suffered any, were caused in whole or in part by Plaintiff's own acts, conduct, or omissions, and/or the acts, conduct, or omissions of third-parties.

17. Plaintiff failed to comply with statutory prerequisites to filing his lawsuit, including such requirements pertaining to whistleblowing and anti-retaliation claims.

18. Plaintiff's claim for wrongful termination in violation of public policy failed as adequate statutory remedies exist to protect Plaintiff's and society's interests.

19. All or some of Plaintiff's claims may be barred, in whole or in part, because Pridestaff exercised reasonable care and adopted and maintained effective policies and procedures to prevent and correct promptly any purportedly discriminatory behavior in the workplace.

20.        Pridestaff incorporates all necessary defenses in Rules 8 and 12 as applicable and reserves the right to amend this pleading to raise any additional defenses as may become necessary during the investigation or discovery of this action.

**WHEREFORE,** Pridestaff requests that Plaintiff's Complaint be dismissed with prejudice, that judgment is entered in favor of Pridestaff, and that Pridestaff be awarded reasonable attorney fees, costs, and any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Roland J. De Monte*
Roland J. De Monte (0081129)
Gordon Rees Scully Mansukhani, LLP
127 Public Sq., Suite 5200
Cleveland, Ohio 44114
Phone: (216) 302-2531
Fax:    (216) 539-0026
rdemonte@grsm.com
*Attorney for Pridestaff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of June, 2026, a true and accurate copy of the foregoing was filed via the Court's electronic filing system, which will serve a copy on all counsel of record and self-represented parties who have registered with that system. The undersigned further certifies that a copy of the foregoing was delivered via email and regular U.S. mail to Mathew Steinmetz at the following address:

Mathew Steinmetz Jr.
224 Warwick Avenue
Hamilton, Ohio 45013
Mathewsteinmetz9@gmail.com
Pro Se Plaintiff

/s/ Roland J. De Monte
Roland J. De Monte (0081129)