IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mathew Steinmetz, Jr., | : | |
| | : | Case No. 1:26-cv-594 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motions for Leave to File an Amended Complaint and Denying Motions as Moot |
| SanMar Corporation, *et al*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on several motions filed by *pro se* Plaintiff Mathew Steinmetz, Jr.—Motion to Remand, Motion for Leave to Supplement, Request for Oral Hearing, and Motions for Leave to File an Amended Complaint—and a Motion for Judgment on the Pleadings filed by Pridestaff, Inc. and SanMar Corporation. (Docs. 4, 6, 11, 14, 16, 17.) For the reasons that follow, the Court will grant Steinmetz leave to file his proposed First Amended Complaint, rendering the other Motions moot.

**I.**

Steinmetz filed this wrongful termination suit in state court on May 13, 2026 against an employment agency he identified in the Complaint as "John Gemrich dba PrideStaff (Cincinnati Northwest)," and the company at which he was temporarily placed, SanMar Corporation. (Doc. 2 at PageID 31–32.) Subsequent filings and Ohio public records establish that John Gemrich is the president of Wildwestwyot, Inc., which uses the fictious name of Pridestaff #756. (Doc. 1-5 at PageID 20; Doc. 13-1 at PageID 122–170.)[1] Wildwestwyot is a franchisee of a California corporation called Pridestaff, Inc. operating under a written Franchise Agreement. (Doc. 13-1 at

[1] *See* Ohio Secretary of State, Search by Business Name, https://businesssearch.ohiosos.gov/ (last viewed 8/19/2026).

PageID 127–170.)

Pridestaff, Inc.—which was not specifically named as a defendant in the Complaint—and SanMar removed the case to this Court on June 15, 2026. (Doc. 1.) Pridestaff, Inc. asserts that it is the correct defendant because it was Steinmetz's actual employer—not John Gemrich dba Pridestaff (Cincinnati Northwest)—under the terms of the Franchise Agreement. (Doc. 1 at PageID 1; Doc. 1-5 at PageID 20; Doc. 13-1 at PageID 130, 138.) Pridestaff, Inc. and SanMar contend that diversity jurisdiction exists because Steinmetz is a citizen of Ohio; SanMar is headquartered and incorporated in Washington; and Pridestaff, Inc. is headquartered and incorporated in California. (Doc. 1-4 at PageID 17; Doc. 1-5 at PageID 20.)

Steinmetz has filed a Motion to Remand this case back to state court. (Doc. 4.) He also has filed Motions for Leave to File an Amended Complaint. (Docs. 16, 17.) In the proposed First Amended Complaint, Steinmetz names Wildwestwyot and SanMar as Defendants. (Doc. 17-1 at PageID 186–187.) He contends that Wildwestwyot, the local franchisee, was his employer—not Pridestaff, Inc.—because it is the entity that hired him and placed him with SanMar. (Doc. 6 at PageID 56–58; Doc. 16 at PageID 178.) He further alleges that Wildwestwyot is an Ohio corporation with its principal place of business in Ohio and that diversity jurisdiction does not exist. (Doc 16 at PageID 179; Doc. 17-1 at PageID 186.)

The Court at this stage will grant only the Motions for Leave to File an Amended Complaint. There is no dispute that Steinmetz erred in naming John Gemrich dba Pridestaff (Cincinnati Northwest) as a defendant in the initial Complaint. He explains that he intended to sue Wildwestwyot, the employment agency franchisee—not the franchisor, Pridestaff, Inc. The plaintiff is the master of his complaint. Allowing Steinmetz to file the proposed First Amended Complaint will provide clarity to the record. The Court is not expressing an opinion as to which

entity or entities acted as Steinmetz's employer as a matter of law, whether diversity jurisdiction exists, or whether the claims have merit.[2] The Court simply is trying to put the parties and the Court in a better position to address the jurisdictional issues and the merits issues that are likely to be raised.

**II.**

For the above reasons, the Motions for Leave to File an Amended Complaint (Docs. 16, 17) are **GRANTED**. The Motion to Remand (Doc. 4), Motion for Leave to Supplement (Doc. 6), Request for Oral Hearing (Doc. 14), and Motion for Judgment on the Pleadings (Doc. 11) are **DENIED AS MOOT WITHOUT PREJUDICE TO REFILE**.

The **Clerk of Court is ORDERED** to separately file Exhibit 1 attached to the Motion for Leave to File an Amended Complaint (Doc. 17-1 at PageID 186–191) into the record as the First Amended Complaint.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

[2] Ohio law generally provides that franchisors are not employers. *See* Ohio Rev. Code §§ 4113.15(D)(4) and 5747.01(HH). However, exceptions in both statutes deem franchisors to be employers at least for specific purposes where they agree in writing to be employers and where they exercise a degree of control over the franchisee's employees that is not customarily exercised by a franchisor. *See* Ohio Rev. Code §§ 4113.15(D)(4)(a)&(b) and 5747.01(HH). Federal courts use different tests to determine whether a franchisor, a franchisee, or both can be held liable as an employee's employer. *See, e.g.*, *Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 621, 623 (S.D. Ohio 2011); *McFarland v. Breads of the World, LLC*, No. 1:09-CV-929, 2011 WL 801815, at *8, 12 (S.D. Ohio Feb. 1, 2011), *report and recommendation adopted,* No. C-1-09-929, 2011 WL 801793 (S.D. Ohio Mar. 2, 2011); *Olynyk v. CRA Occupational Health, Inc.*, No. 3:04CV7249, 2005 WL 1459547, at *6–7 (N.D. Ohio June 21, 2005), *aff'd,* 208 F. App'x 424 (6th Cir. 2006).