IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mathew Steinmetz, Jr., | : | Case No. 1:26-cv-594 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Denying Motion to Remand, Denying as Moot Motion to Stay Briefing Schedule, and Setting Briefing Schedule on Motions to Dismiss |
| | : | |
| SanMar Corporation, *et al*, | : | |
| | : | |
| Defendants. | : | |

Plaintiff Mathew Steinmetz's First Amended Complaint against Defendants Wildwestwyot Inc. (dba Pridestaff) and SanMar Corporation was filed on August 19, 2026. (Doc. 19.) Steinmetz, who is proceeding *pro se*, asserts two claims against Defendants: (1) wrongful termination in violation of Ohio public policy and (2) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3). (*Id.* at PageID 198–200.) Four motions are pending before the Court. Both Defendants have filed Motions to Dismiss the First Amended Complaint. (Docs. 20, 28.) Steinmetz has filed a renewed Motion to Remand this case back to state court—where he initially filed suit before the case was removed—and a Motion to Stay Briefing Schedules on the dismissal motions. (Docs. 24, 25.) Defendants have not yet responded to Plaintiffs' Motions, but further briefing is unnecessary. The Court will deny the Motion to Remand and deny as moot the Motion to Stay Briefing Schedules because the Court has subject matter jurisdiction.

**I.**

Steinmetz initially filed a wrongful termination suit in state court on May 13, 2026 against an employment agency he identified in the Complaint as "John Gemrich dba PrideStaff

(Cincinnati Northwest)," and the company at which he was temporarily placed, SanMar. (Doc. 2 at PageID 31–32.) Defendants removed this action from state court on June 15, 2026. (Doc. 1.) Subsequently, on August 19, 2026, the Court issued an Order granting Steinmetz's Motions for Leave to File an Amended Complaint. (Doc. 18.) The First Amended Complaint differs from the initial Complaint in two primary respects. Steinmetz substituted Wildwestwyot as a defendant for the entity he initially identified as "John Gemrich dba PrideStaff (Cincinnati Northwest)." (Doc. 19 at PageID 195.) Steinmetz also added the FCRA claim against Wildwestwyot and SanMar. (*Id.* at PageID 199–200.)

Steinmetz moves to remand this action back to state court on the grounds that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Steinmetz and Wildwestwyot are both citizens of Ohio. (Doc. 24; Doc. 25 at PageID 257–258.) However, Steinmetz has failed to recognize that the Court can exercise subject matter jurisdiction for two separate reasons. The Court can exercise diversity jurisdiction under 28 U.S.C. § 1332(a)(1) where the parties are citizens of different states and the amount in controversy exceeds $75,000. The Court also can exercise federal question jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Steinmetz's FCRA claim against Defendants arises under a law of the United States. Therefore, the Court can exercise federal question jurisdiction over the FCRA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the Ohio law wrongful termination claim under 28 U.S.C. § 1367(a). Because the Court has subject matter jurisdiction on the face of the First Amended Complaint, the Court will not remand this action back to state court.

**II.**

For the reasons above, Steinmetz's Motion to Remand (Doc. 24) is **DENIED** and his

Motion to Stay Briefing Schedules (Doc. 25) is **DENIED AS MOOT**. Steinmetz must file his responses to the pending Motions to Dismiss (Docs. 20, 28) on or before October 2, 2026. Defendants can file reply briefs as provided in the Local Rules for the Southern District of Ohio.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge